## THE CRIPPLE CREEK SYNDICATE MINING AND MILLING COMPANY v. SNYDER.

APPELLATE PRACTICE—EXCEPTIONS—OBJECTIONS.

To entitle a party to a review of proceedings, he must produce a record which shows that the attention of the court was called to the error of which, as appellant or plaintiff in error, he complains; and wherever for its sufficiency it rests upon an assignment that the evidence is not sufficient to support the judgment, he must save his objection at the time it is entered.

*Appeal from the County Court of El Paso County.*

Mr. T. A. McMORRIS, for appellant.

Mr. J. L. PENDERY and Mr. F. G. SALMON, for appellee.

BISSELL, P. J., delivered the opinion of the court.

During the year 1892 the mining company which prosecutes this appeal was the owner of some five mining claims situate in the Cripple Creek mining district, in El Paso county. The property was in charge of the company's representative, who was evidently possessed of authority to work the property and carry on the mining operations essential to the development of the claims. Under this authority, in the month of November of that year, he employed a lot of workmen, some dozen in number. The employees continued under the engagement for some little time, until there became due to them as wages the sum of about eight hundred and forty-five dollars. The company failed to pay them, and in the month of December of that year the various parties filed their liens under the statute ; and having transferred their claims to the appellee, Snyder, he brought this action for the foreclosure and enforcement of the liens. We have gathered these facts, as well as what will otherwise be stated, from the record and the bill of exceptions, and they are narrated to make the controversy plain and the decision intelligible, although we are without the right to disturb the judgment upon any considerations which must rest for their acceptance on the facts which are in the bill. The company introduced no evidence, and apparently did not controvert either the amount of the labor performed or its value. On the conclusion of the case, the court rendered a decree foreclosing the liens as to four of the claims, and ordering the property sold for the satisfaction of the judgment. The decree in terms provides for the foreclosure of the liens on the four specific properties for the satisfaction of the entire judgment.

The appellant now predicates his right to reverse this judgment on the hypothesis that the proof shows that part of the work was done on one of the properties, and a part on each of the others, and that there is nothing in the record to show that what is claimed to have been performed was done

for the development of all of them, or was done in such a way on one as under the law it can be held to be operative for the development of all, and therefore to confer the right to enforce the lien for the entire sum on the four properties. It is the company's contention that the court should have separated the liens, and adjudged them effective and operative as to each claim, according to the amount of work done or materials furnished for the different properties.

Under some circumstances this would be a question of some difficulty, and we should be compelled to decide whether or not, under the proof, the case was brought within the rule which permits the acquisition of a lien on several properties for work done on one. As it is, we do not decide or determine or consider this question. It has long been the settled law of this jurisdiction that to permit a judgment to be reviewed or reversed on the evidence which is offered to support it, it is indispensable that the party who makes the attack should in some way have preserved his question in the record. The matter has been recently considered in this court, and in the opinion reference is made to various decisions of the supreme court of the state. *Burnell et al. v. Wachtel,* 4 Colo. App. 556.

In addition to the cases there cited see *Hochmark v. Richler,* 16 Colo. 263; *Wray v. Carpenter,* 16 Colo. 271; *Farncomb et al. v. Stern,* 18 Colo. 279.

All these cases concur in settling the rule that, to entitle any party to a review of the proceedings, he must produce a record which shows that at some time, or in some manner, the attention of the court was called to the error of which, as appellant or plaintiff in error, he complains, and that, wherever for its sufficiency it rests upon the assignment that the evidence is not sufficient to support the judgment, he must save his objection to the judgment at the time that it is entered. This record has been examined in vain to discover that the question now suggested and relied upon was at any time brought to the attention of the trial court, or that in

any fashion an objection was made to the judgment or decree and an exception preserved in the bill as filed.

Since the appellant has wholly failed to preserve the question on which he relies, we must assume that the judgment is correct, and it will accordingly be affirmed.

*Affirmed.*